IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD R. PEVIA | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-13-2912 |
| MICHAEL STOUFFER, et al., | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

Donald Pevia, plaintiff, a Maryland prisoner, has filed a civil rights complaint alleging use of excessive force against him, in violation of the Eighth Amendment. Defendants have moved to dismiss, or for summary judgment, ECF 14, supported by exhibits. Pevia has also moved for summary judgment. ECF 18. In addition, Pevia has filed motions for production of documents (ECF Nos. 16 & 21); a motion to compel discovery (ECF 22); a motion for the appointment of counsel (ECF 17); and a motion for leave to amend his suit (ECF 19). And, Pevia has moved to deny a request for extension. ECF 13. The motions shall be denied.[1]

In his motion for production of documents, plaintiff seeks copies of video footage of the assault allegedly committed upon him on April 16, 2012, by Lt. Paul Pennington, defendant. He also seeks complaints, sanctions, and disciplinary infractions filed against Pennington; rules and procedures regarding where inmates are to wait for medical personnel; rules and procedures "of what and who are mandated during use of force to insure the inmates and officers safety"; and all use of force reports written by NBCI personnel. ECF No. 16. Plaintiff maintains that the video will demonstrate that Pennington's use of force report was a lie. *Id*. He does not specify why he requires any of the additional materials. *Id*.

---

[1] Since 2011, plaintiff has filed eleven civil rights cases, five of which are still pending.

Discovery may not commence until a Scheduling Order has been issued by this court. *See* Local Rule 104.4 (D. Md. 2014).[2]  At the current stage of litigation, plaintiff is not entitled to engage in discovery and his motion for production of documents shall be denied.

To the extent plaintiff intended his motions to serve as a motion requesting discovery pursuant to Fed. R. Civ. P. 56, the motions shall be denied. Federal Rule of Civil Procedure 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts to justify its opposition, the court may:
>
> (1) Defer considering the motion or deny it;
> (2) Allow time to obtain affidavits or declarations or to take discovery; or
> (3) Issue any other appropriate order.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011).  However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of

---

[2] "[D]iscovery shall not commence until the issuance of a Scheduling Order."

discovery.'" *Hamilton v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 342 (D. Md. 2011) (quoting *Young v. UPS*, No. DKC-08-2586, 2011 WL 665321, at *20 (D. Md. Feb. 14, 2011)), *aff'd,* 707 F.3d 437 (4th Cir. 2013), *cert. granted,* 134 S. Ct. 2898 (2014)). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd,* 266 F. App'x. 274 (4th Cir.), *cert. denied,* 555 U.S. 885 (2008).

None of plaintiff's motions concerning discovery is accompanied by an affidavit or declaration regarding the need for discovery. Moreover, plaintiff has failed to specify how the materials requested are essential to his opposition to the pending dispositive motion. There is simply no indication that any of the requested materials/information would create a genuine issue of material fact. Plaintiff has already provided an affidavit of an inmate disputing portions of defendants' version of events. ECF No. 21. As plaintiff has failed to explain how the discovery requested would aid him in responding to the dispositive motion, the motions will be denied.

The court is also in receipt of plaintiff's motion to appoint counsel. ECF No. 17. Under § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel. A federal district judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1), is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch*

*v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*.

Upon careful consideration of the motions and previous filings by plaintiff, the court finds that he has demonstrated the wherewithal either to articulate the legal and factual basis of his claims or to secure meaningful assistance in doing so. Nor are the issues pending before the court unduly complicated. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under §1915(e)(1) *at this time*. The motion for counsel shall be denied, without prejudice.

Plaintiff has also filed a motion for leave to file an amended complaint. ECF No. 19. The motion shall be denied. Plaintiff indicates that in his motion for summary judgment he erroneously referred to the wrong exhibit and would like to correct the error. He need not file an amended complaint in order to do so. Rather, he has advised the court of the error and nothing more is required. He also indicates his desire to engage in discovery. As noted above, those requests are denied.

Plaintiff's motion (ECF No. 13) to deny defendants' request for extension of time (ECF No. 11) shall be denied as moot.

In light of the foregoing, plaintiff shall be granted thirty (30) days from the date of this Order to file any additional opposition to defendants' pending dispositive motion (ECF 14).

An Order follows.

_____/s/_____
Ellen L. Hollander
United States District Judge