IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD R. PEVIA,

    *Plaintiff,*

    v.

STOUFFER, ET AL.,

    *Defendants.*

Civil Action No.: ELH-13-02912

**MEMORANDUM**

Plaintiff, an inmate at the Maryland Department of Corrections's North Branch Correctional Institution ("NBCI"), filed suit on October 1, 2013, pursuant to 28 U.S.C. § 1983. ECF 1.  In his suit, plaintiff named a host of defendants:  Lt. Paul Pennington; CO II Justin Yutzy; CO II Benjamin Friend; CO Soltas; CO Dorcon; Warden Bobby P. Shearin; and Michael Stouffer, Commissioner of Correction and Deputy Secretary of Operations for the Maryland Department of Public Safety and Correctional Services.[1]  *Id.* at 2.  Pevia, who was self-represented at the time he filed suit, alleged that he was subjected to excessive force and physical abuse by correctional officers at NBCI.  *See id.* at 4-8.

By Memorandum (ECF 25) and Order (ECF 26) docketed on February 10, 2015, I granted defendants' motion to dismiss, or in the alternative, motion for summary judgment,

---

[1] Plaintiff's proposed Amended Complaint identifies Stouffer as "Commissioner and Deputy Secretary of Operations for the State of Maryland."  ECF 45-2 at 3 ¶ 4.  Defendants identify Stouffer simply as "Commissioner," without clarifying his institutional affiliation.  *See* ECF 46 at 1, Opposition.  The Maryland Department of Public Safety and Correctional Services identifies Stouffer's former title as "Commissioner of Correction and Deputy Secretary of Operations."  Farewell to J. Michael Stouffer, Department of Safety and Correctional Services (Feb. 19, 2015), http://news.maryland.gov/dpscs/2015/02/20/farewell-to-j-michael-stouffer/.

construed as a motion for summary judgment (ECF 14), as to defendants Shearin and Stouffer. But, I denied the motion, without prejudice, in all other respects.

By Order docketed on March 17, 2015 (ECF 35), I granted Pevia's motion to appoint counsel (ECF 28) and directed counsel to "amend the complaint as appropriate." ECF 35 at 2. Counsel was formally appointed for Mr. Pevia on March 18, 2015. ECF 36, Order.

On May 18, 2015, counsel for Mr. Pevia filed a "Motion for Leave to File Amended Complaint." ECF 45, "Motion." Among other things, the Motion seeks to revive the claims against former defendants Shearin and Stouffer.[2] Unfortunately, the Motion was docketed in CM/ECF simply as an "Amended Complaint," without a gavel to indicate that a motion had been filed. As a result, I was unaware of the pending motion until it was discovered last week during a routine review in Chambers of my pending cases.

Pevia's Motion is supported by a legal memorandum (ECF 45-1); a proposed Amended Complaint (ECF 45-2); a redlined version of the proposed Amended Complaint (ECF 45-3); and a typewritten copy of the original Complaint. ECF 45-4. In the Motion, counsel for Pevia stated that defendants consented to the filing of the Amended Complaint. ECF 45 at 2 ¶ 8. However, on June 1, 2015, defendants and former defendants Shearin and Stouffer filed an opposition (ECF 46) to the Motion, accompanied by a memorandum. ECF 46-1, "Memo" (collectively, "Opposition"). They dispute that they consented to the proposed amendment insofar as it relates to the renewal of supervisory liability claims against former defendants Shearin and Stouffer. *See* ECF 46 at 2 ¶ 6. They assert: "Counsel for plaintiff did not disclose their intent to reassert a

---

[2] The proposed Amended Complaint also seeks to add an "Unknown Defendant," who is an alleged member of the prison staff. *See* ECF 45-2 at 4 ¶ 11, 6-7 ¶ 18. The original Complaint references an "Unknown Defendant." *See* ECF 1 at 6.

count for supervisory liability against former Defendants Stouffer and Shearin." ECF 46-1 at 7.

Pevia has replied. ECF 47, "Reply."

The Motion has been fully briefed, and no hearing is necessary to resolve it. *See* Local

Rule 105.6. For the reasons that follow, I will DENY the Motion in part and GRANT it in part.

**Discussion**

The proposed Amended Complaint (ECF 45-2) alleges that on April 16, 2012, plaintiff

was subjected to "a strong, prolonged burst of orange pepper spray" by defendant Pennington.

ECF 45-2 ¶ 13. He asserts that Pennington continued to assault and attack him with mace (*id.*

¶¶ 14, 15); that defendants Friend and Yutzy twisted plaintiffs hands and arms, and defendant

Soltas ignored an instruction to take plaintiff for medical help. *Id.* ¶ 16. Then, Friend and Yutzy

"rammed" plaintiff's head into a bench. *Id.* ¶ 17. Plaintiff was also repeatedly punched, while

defendant Dorcon made racially offensive comments. *Id.* In sum, plaintiff complains that the

correctional officer defendants subjected him to their "malicious and sadistic use of excessive

force . . . ." *Id.* ¶ 26.

Pevia's proposed Amended Complaint also seeks, *inter alia*, to reanimate the claims

against Shearin and Stouffer that were dismissed on February 10, 2015. *See* ECF 25,

Memorandum; ECF 26, Order. Those claims were dismissed because Pevia failed to identify

"any action or inaction on the part of" Shearin and Stouffer "that resulted in a constitutional

injury . . . ." ECF 25 at 11, Memorandum.

In the proposed Amended Complaint, Pevia has added new allegations as to Shearin and

Stouffer. He asserts: "By means of their positions and grievances filed per the administrative

process, Defendants Stouffer and Shearin had constructive or actual knowledge that officers at

3

the North Branch Correctional Institution were acting in a way that posed a pervasive and unreasonable risk of constitutional injury to Plaintiff and other similar prisoners." ECF 45-2 at 8 ¶ 22. In addition, plaintiff alleges that Stouffer and Shearin failed to respond in "an adequate manner, thereby showing either deliberate indifference to or tacit authorization of staff members' abusive practices." ECF 45-3, ¶ 23. He also asserts that Shearin and Stouffer "failed to hold their staff accountable for their actions and failed to address serious staff misconduct." *Id. See* ECF 45-2 at 8-9 ¶¶ 22-25.

Defendants oppose the Amended Complaint as it relates to the two former defendants. They maintain, *inter alia*, that the proposed Amended Complaint fails to state a claim against Shearin and Stouffer.[3] *See* ECF 46 at 1 ¶ 3, Opposition.

Fed. R. Civ. P. 15(a)(2) states, in part: "The court should freely give leave [to amend] when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); *Simmons v. United Mortgage & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). In general, "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman*, 371 U.S. at 182. A district court may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.,* 602 F.3d 597, 603 (4th Cir. 2010).

To be sure, I am concerned about the age of this case. However, no trial date has yet been set, and discovery has not been conducted. So, the amendment would not cause delay.

---

[3] Because I decide the Motion on this basis, I need not consider the parties' arguments concerning consent or the doctrines of the law of the case and *res judicata*.

Moreover, "[d]elay alone is an insufficient reason to deny leave to amend." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted). "Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Id.* (citation omitted); *see Simmons,* 634 F.3d at 769; *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

"Perhaps the most important factor listed by the [Supreme] Court for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter a pleading." 6 Wright & Miller, Federal Practice and Procedure (2004 & 2015 Supp.) § 1487 at 701 ("Wright & Miller") (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971); *United States v. Hougham*, 364 U.S. 310 (1960)). "[I]f the court is persuaded that no prejudice will accrue, the amendment should be allowed." 6 Wright & Miller § 1487 at 701.

"[P]rejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). In *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 439 (4th Cir. 2011), the Fourth Circuit said: "'Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing . . . . [T]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant . . . .'" (quoting *Laber*, 438 F.3d at 427); *see Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) ("[T]here was no showing of purposeful dilatoriness or bad faith by the plaintiffs in the short delay in filing their motion to amend after they became apprised of the possible

claim"); 6 Wright & Miller § 1487 at 755 ("When the court inquires into the good faith of the moving party, it typically will take account of the movant's delay in seeking the amendment.").

Here, defendants do not point to any prejudice that will result to them if leave to amend is granted. ECF 46 at 2 ¶ 6 (stating merely that the allegations "are unanticipated and prejudicial"). Nor can I discern any prejudice.

If a court "determines that the amendment was asserted in bad faith . . . the court may not allow the amendment . . . ." 6 Wright & Miller § 1487 at 748-55. On the other hand, "[t]he court also may consider the good faith of the party seeking the amendment." *Id.* § 1487 at 748-49; *see Laber*, 438 F.3d at 428 ("[T]here is no indication that Laber's omission from his original complaint of the legal theory he now seeks to pursue was in bad faith . . . .); *see also Peamon v. Verizon Corp.*, 581 F. App'x 291, 292 (4th Cir. 2014) (per curiam) ("Because it is clear that, in seeking to amend his complaint, Peamon merely sought to artificially inflate his damages in order to obtain subject matter jurisdiction, we conclude that Peamon's motion to amend was filed in bad faith . . . ."). I detect no bad faith on Pevia's part. And, I had directed his appointed counsel to file an amended complaint.

Futility is also a consideration. An amendment is futile if it would fail to withstand a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Perkins v. United States,* 55 F.3d 910, 917 (4th Cir. 1995); *see Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011); *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a

claim upon which relief can be granted." *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 n.3 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

A plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly,* 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby,* ____ U.S. ____, 135 S.Ct. 346 (2014) (per curiam). But, the rule demands more than bald accusations or mere speculation. *Twombly,* 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown,* 716 F.3d 342, 350 (4th Cir. 2013). To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly,* 550 U.S. at 556. In other words, the complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Iqbal,* 556 U.S. at 684; *Simmons,* 634 F.3d at 768.

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d

435, 440 (4th Cir. 2011) (citations omitted); *see Albright v. Oliver*, 510 U.S. 266, 268 (1994);

*Kendall v. Balcerzak,* 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, ____ U.S. ____, 132 S.Ct.

402 (2011); *Monroe v. City of Charlottesville,* 579 F.3d 380, 385-86 (4th Cir. 2009), *cert.*

*denied,* 559 U.S. 991 (2010).   However, a complaint that provides no more than "labels and

conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient.

*Twombly,* 550 U.S. at 555.   Moreover, the court is not required to accept legal conclusions drawn

from the facts.   *See Papasan v. Allain,* 478 U.S. 265, 286 (1986); *Monroe,* 579 F.3d at 385-86.

A Rule 12(b)(6) motion will be granted if the "well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct." *Iqbal,* 556 U.S. at 679 (citation omitted).

"A court decides whether [the pleading] standard is met by separating the legal conclusions from

the factual allegations, assuming the truth of only the factual allegations, and then determining

whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the

legal remedy sought. *A Society Without A Name v. Virginia,* 655 F.3d 342, 346 (4th Cir. 2011),

*cert. denied,* 132 S.Ct. 1960 (2012).

I have already provided a summary of the factual allegations concerning Shearin and

Stouffer in the proposed Amended Complaint.   But, for completeness, I quote below the entirety

of the allegations as to Shearin and Stouffer, ECF 45-2 at 8-9 ¶¶ 22-25:

> 22.   By means of their positions and grievances filed per the
> administrative process[4] Defendants Stouffer and Shearin had constructive and

---

[4]   The proposed Amended Complaint does not cite to records concerning "the administrative process" or allege any specific involvement in such a process by Shearin or Stouffer.   Plaintiff's Reply, ECF 47 at 8, expands on the allegations in ¶ 22 of the proposed Amended Complaint and says: "This includes knowledge gained through the administrative process; in order to exhaust his administrative remedies, Plaintiff submitted a request for administrative remedy with the Warden of North Branch Correctional Institution (Defendant Shearin) and an appeal to the Commissioner (Defendant Stouffer).   ECF No. 25 at 13, 16."

actual knowledge that officers at the North Branch Correctional Institution were acting in a way that posed a pervasive and unreasonable risk of constitutional injury to Plaintiff and other similar prisoners.   Specifically, North Branch Correctional Institute Staff were regularly taking inmates to secluded areas of the prison and assaulting said inmates.   To Plaintiff's knowledge, this behavior has been ongoing since his arrival at North Branch Correctional Institute in October 2011.

23.   Neither Defendant Stouffer nor Defendant Shearin responded to this knowledge in an adequate manner, thereby showing either deliberate indifference to or tacit authorization of staff members' abusive practices.   Specifically, Defendant Stouffer and Defendant Shearin failed to hold their staff accountable for their actions and failed to address serious staff misconduct.   This failure allowed the offending officers in the present case to, on April 16, 2012, act in a manner that violated Plaintiff's constitutional rights, and to do so with the understanding that such actions were appropriate and authorized.

24.   Furthermore, Plaintiff in this case filed grievances with respect to this incident via the ARP process.[5]   Plaintiff filed a request for administrative remedy, which is filed with the Warden of the Maryland prison in which the individual is incarcerated (Defendant Shearin).   When that request was denied, Plaintiff filed an appeal with the Commissioner of Corrections (Defendant Stouffer).   As can be seen from the administrative record and the failure of the administrative process to address Plaintiff's grievances, Defendants Stouffer and Shearin were aware of the abuse of April 16, 2012 and did not respond appropriately to that abuse.   In failing to act, they continued to neglect their obligations to hold their staff accountable for their actions and to address serious staff misconduct.

25.   In February of 2014, Defendant Shearin was dismissed as Warden of the North Branch Correctional Institution.   Two of the purported reasons for this dismissal were his failure to hold staff accountable for their actions and his failure to address serious staff misconduct.

The law in the Fourth Circuit is well established that the doctrine of *respondeat superior*

does not apply in § 1983 claims.  *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004)

(no respondeat superior liability under § 1983).  Liability of supervisory officials "is not based

on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition that

---

[5] The proposed Amended Complaint does not define "ARP process."  I believe the "ARP process" refers to the administrative remedy procedure.  *See* ECF 25 at 5, Memorandum.

supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001) (citing *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984)).

A claim for supervisory liability under § 1983 must be supported with allegations that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994).

The proposed Amended Complaint relates to an incident that occurred on April 16, 2012, in which Pevia was allegedly assaulted by correctional officers.  He claims that Stouffer and Shearin "did not respond appropriately. . . ."  ECF 45-2 ¶ 24.  The allegations in the proposed Amended Complaint remain devoid of alleged personal involvement by Shearin and Stouffer in regard to the excessive force claim.  The crux of the factual allegations in Pevia's proposed Amended Complaint concerning Shearin and Stouffer is simply that they were in charge of NBCI when NBCI's staff allegedly mistreated prisoners and failed to respond "in an adequate manner."  ECF 45-2 at 8 ¶ 23.

In addition, Pevia alleges that he failed to obtain relief from an administrative remedy process (*id.* at 9 ¶ 24) and that "[t]wo of the purported reasons" for Shearin's dismissal in February 2014 "were his failure to hold staff accountable for their actions and his failure to

address serious staff misconduct." *Id.* at 9 ¶ 25.  But, plaintiff alleges no facts to support his assertion that Shearin and Stouffer "show[ed] either deliberate indifference to or tacit authorization of staff members' abusive practices." *Id.* at 8 ¶ 23.  Therefore, there is no basis to support a § 1983 claim against Shearin and Stouffer.

Because the proposed Amended Complaint has not pointed to any action or inaction on the part of these two defendants that resulted in a constitutional injury, Pevia's proposed amended claims against Shearin and Stouffer would not survive a motion to dismiss. Accordingly, Pevia's proposed Amended Complaint is futile as it pertains to Shearin and Stouffer.

For the foregoing reasons, I DENY the Motion to the extent that plaintiff seeks to add Shearin and Stouffer as defendants and GRANT it in all other respects.  By January 6, 2016, plaintiff SHALL file a revised amended complaint consistent with this Memorandum.

An Order follows.


Date:   December 8, 2015                          /s/
                                         Ellen L. Hollander
                                         United States District Judge

11